FILED
DECEMBER 5, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ANDREW D. SHAPIRO,** | ) | **07 C 6870** |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| **GATOR DEVELOPMENT, LLC, and** | ) | JURY DEMANDED **JUDGE GOTTSCHALL** |
| **MATTHEW J. CALLAHAN,** | ) | **MAGISTRATE JUDGE NOLAN** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Andrew D. Shapiro, by his attorneys, complains against Defendants Gator Development, LLC ("Gator") and Matthew J. Callahan as follows:

### PARTIES

1. Plaintiff Andrew D. Shapiro is an individual residing in Chicago, Illinois.

2. Defendant Gator Development, LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with an office for the transaction of business located at 2855 Lawrenceville Suwanee Road, Suite 760, Lawrenceville, Georgia. The Managing Member of Defendant Gator, Defendant Callahan, is a citizen of Oklahoma. Upon information and belief, none of the members of Defendant Gator are citizens of Illinois.

3. Defendant Matthew J. Callahan is an individual residing in Tulsa, Oklahoma.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. Venue is proper in the District Court for the Northern District of Illinois pursuant

to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claim asserted herein occurred in this judicial district. Both of the relevant contracts were negotiated in Chicago, the investment was arranged in Chicago, and both contracts are to be governed by and construed in accordance with the laws of the State of Illinois.

### Count I – Breach of Promissory Note
### (Against Defendant Gator)

6.  Plaintiff Shapiro adopts and incorporates by reference as if fully set forth herein each of his allegations set forth in paragraphs 1 through 5 above.

7.  On or about May 7, 2007, in consideration of a loan to Defendant Gator by Plaintiff Shapiro, Defendant Gator executed and delivered a promissory note in favor of Plaintiff Shapiro in the amount of $100,000 (the "Promissory Note"). A true and correct copy of the Promissory Note is attached hereto as Exhibit 1 and by this reference is incorporated herein.

8.  Pursuant to the Promissory Note, Defendant Gator promised to repay $100,000 on or before August 15, 2008. (*See* Ex. 1 at ¶ 3.) Defendant Gator also agreed to make interest installment payments to Plaintiff Shapiro of $5,000 on each of the following dates: May 15, 2007, August 15, 2007, November 15, 2007, February 15, 2007, May 15, 2008, and August 15, 2008. (*See id.* at ¶ 2.)

9.  Defendant Gator made the first interest installment payment of $5,000 on or about May 15, 2007. Defendant Gator made the second interest installment payment of $5,000 on or about August 15, 2007.

10. Defendant Gator has not made the third interest installment payment of $5,000, which was due on November 15, 2007.

11. Paragraph 10 of the Promissory Note provides the following:

> [Plaintiff Shapiro] shall have the optional right to declare the amount of the total unpaid balance of this Note to be due and immediately payable in advance of the maturity date of any installment, as determined in this Note, on the failure of [Defendant Gator] to pay, when due, any one of the installments.

(*See id.* at ¶ 10.)

12. As a result of Defendant Gator's failure to pay the third interest installment payment, on November 20, 2007, Plaintiff Shapiro sent Defendant Gator a letter, via e-mail and Federal Express, declaring the amount of the total unpaid balance of the Promissory Note to be due and immediately payable pursuant to Paragraph 10 of the Promissory Note. A true and correct copy of the November 20, 2007 letter is attached hereto as Exhibit 2 and by this reference is incorporated herein. Plaintiff Shapiro requested that Defendant Gator pay the outstanding balance on or before November 27, 2007. (*See* Ex. 2.)

13. As of this filing, Defendant Gator has neither responded to Plaintiff Shapiro's letter nor paid the outstanding balance of the Promissory Note.

14. Accordingly, Defendant Gator is therefore in default and, under the terms of the Promissory Note, all amounts are immediately due and payable.

15. The Promissory Note provides that any payment of principal or interest that is not made when due will bear interest at a rate of twenty percent per annum. (*See* Ex. 1 at ¶ 8.) In addition, the Promissory Note states that "[i]n case the amounts due under this Note are collected by law or through an attorney at law, or under advice therefrom, [Defendant Gator] agrees to pay all costs of collection, including, but not limited to, any attorney's fees." (*Id.* at ¶ 11.)

WHEREFORE, Plaintiff Andrew D. Shapiro prays for a judgment in his favor and against Defendant Gator in the amount of $105,000 plus pre-judgment interest calculated from November 16, 2007 at the rate of twenty percent per annum, costs of collection, attorneys' fees

to and including the date of judgment, and any further legal or equitable relief this Court deems appropriate.

## Count II – Breach of Personal Guaranty
### (Against Defendant Callahan)

16. Plaintiff Shapiro adopts and incorporates by reference as if fully set forth herein each of his allegations set forth in paragraphs 1 through 15 above.

17. On or about May 7, 2007, to induce Plaintiff Shapiro to enter into the Promissory Note and make the loan associated therewith, Defendant Callahan executed and delivered a personal guarantee to Plaintiff Shapiro (the "Personal Guaranty"). A true and correct copy of the Personal Guarantee is attached hereto as Exhibit 3 and by this reference is incorporated herein.

18. The Personal Guaranty states that:

> [Defendant Callahan] hereby absolutely, irrevocably, and unconditionally guarantees to [Plaintiff Shapiro] the full and complete satisfaction of the obligations of [Defendant Gator], pursuant to the terms and conditions of the [Promissory Note]. In the event of the failure or refusal of [Defendant Gator] to perform under the [Promissory Note] for any reason, [Defendant Callahan] shall immediately, without protest or independent defense, satisfy the [Promissory Note] on behalf of [Defendant Gator].

(Ex. 3 at ¶ 1.)

19. As a result of Defendant Gator's failure to pay the third interest installment payment, on November 20, 2007, Plaintiff Shapiro sent Defendant Callahan a letter, via e-mail and Federal Express, exercising his right, pursuant to Paragraph 4 of the Personal Guarantee, to demand that Defendant Callahan personally pay the unpaid balance of the Promissory Note immediately. (*See* Ex. 2.) Plaintiff Shapiro requested that Defendant Callahan pay the outstanding balance on or before November 27, 2007. (*See* Ex. 2.)

20. As of this filing, Defendant Callahan has neither responded to Plaintiff Shapiro's

letter nor paid the outstanding balance of the Promissory Note. Accordingly, Defendant Callahan has breached the Personal Guarantee.

21.  Defendant Callahan agreed to pay: (a) all expenses paid or incurred by Plaintiff Shapiro in endeavoring to collect the amounts due under the Promissory Note from Defendant Gator, including attorneys' fees; and (b) all expenses paid or incurred by Plaintiff Shapiro in collecting pursuant to the Personal Guaranty, including attorneys' fees. (*See* Ex. 3 at ¶ 10.)

WHEREFORE, Plaintiff Andrew D. Shapiro prays for a judgment in his favor and against Defendant Callahan in the amount of $105,000 plus pre-judgment interest calculated from November 16, 2007 at the rate of twenty percent per annum, costs of collection pursuant to the Promissory Note and Personal Guaranty, attorneys' fees to and including the date of judgment, and any further legal or equitable relief this Court deems appropriate.

### JURY DEMAND

Plaintiff demands a trial by jury on issues triable at law.

Dated: December 5, 2007            Respectfully Submitted,

s/ Andrew D. Shapiro
James A. Morsch
Andrew D. Shapiro
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street
Suite 1800
Chicago, IL 60602-4257
312-444-9660

Attorneys for Plaintiff Andrew D. Shapiro

W0060205v3