<u>EXHIBITS 1 THROUGH 3</u>

**Exhibit 1:**    **Promissory Note**

**07 C 6870**

**Exhibit 2:**    **November 20, 2007 Letter to Matthew J. Callahan**

**Exhibit 3:**    **Personal Guaranty**

**JUDGE GOTTSCHALL**
**MAGISTRATE JUDGE NOLAN**

# Exhibit 1

# PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned, GATOR DEVELOPMENT, LLC, (referred to hereafter as "Borrower"), whose address is 2855 Lawrenceville Suwanee Rd, STE 760 Suwanee, GA 30024-3140, promises to pay to ANDREW D. SHAPIRO, his successors and assigns, (referred to hereafter as "Lender"), whose address is 375 West Erie #302, Chicago, Illinois 60610, in lawful money of the United States of America, the principal sum of $100,000.00, together with interest on this sum from the date of this instrument and at the rate set forth below, in accordance with the following provisions:

1.    <u>Fixed Interest Rate</u>. Interest shall be due and payable on the outstanding principal balance of this Note at the rate of 20 percent per annum.

2.    <u>Equal Interest Only Payments of Interest</u>. Commencing May 15, 2007, and continuing on the same date of each succeeding 3 month quarterly periods thereafter, Borrower shall make interest only payments at the rate set forth in paragraph 1 above on the principal amount. Interest payments will be made as follows:

| | |
|---|---|
| May 15, 2007 | $5,000.00 |
| August 15, 2007 | $5,000.00 |
| November 15, 2007 | $5,000.00 |
| February 15, 2008 | $5,000.00 |
| May 15, 2008 | $5,000.00 |
| August 15, 2008 | $5,000.00 |

3.    <u>Maturity Date</u>. The entire unpaid principal balance of this Note, together with all unpaid interest accrued on the balance, if any, shall be due and payable on or before August 15, 2008.

4.    <u>Acknowledgment Regarding Principal Payment</u>. Borrower acknowledges that the repayment schedule of quarterly installments as set forth above is not sufficient to fully amortize the repayment of all amounts due under this Note, and that this repayment schedule will result in a substantial principal payment due on the maturity date referred to above.

5.    <u>Place of Payment</u>. Payments hereunder shall be paid to the Lender at the address above, or to such other place or to such other person as Lender may designate in writing from time to time.

6.    <u>Security</u>. Borrower warrants that it is the owner of a real estate development known as Charlotte Estates, located in Jackson County, Georgia. Matthew

*MDC 5/7/07*

J. Callahan is the managing member of Borrower. If there is a default on this Note or the Personal Guaranty of Matthew J. Callahan, which is discussed below, then Borrower agrees that Lender shall receive 6 lots in Charlotte Estates, from which Lender shall recoup his $100,000.00 in loan principle, or such amount which remains due and owing under this agreement, plus 20% annual interest on said amount, plus any associated expenses incurred by lender relating to the default.

Lender recognizes that lots in Charlotte Estates are being sold by Borrower to Royce Homes for development. If there is a default on this Note, Lender will have the right to choose the 6 lots in Charlotte Estates from which he shall recoup the amount due under the Note. Any lot chosen by Lender must be owned by Borrower at that time, and Borrower must inform Lender of whether any liens or mortgages exist on the lots chosen by Lender. Borrower guarantees that until it fully satisfies this Note it will maintain at least 6 lots in Charlotte Estates free of any liens, mortgages or other encumbrances of any kind.

As further inducement to Lender entering into this Note, the Note is being personally guaranteed by Matthew J. Callahan, Managing Member of Borrower. Mr. Callahan has executed a Personal Guaranty concurrent with this Note. If there is a default on the Personal Guaranty of Mr. Callahan, the balance due under this Note will accrue interest at the annual rate of 20%.

7.    Pre-payment of Indebtedness. The indebtedness evidenced by this Note may be prepaid in whole or in part at anytime without penalty or premium.

8.    Accrual of Interest. Interest shall accrue only on the amount of principal actually outstanding from time to time.

Any payment of principal or interest which is not made when due pursuant to Paragraphs 2 or 3 above shall bear interest at a rate of twenty percent per annum.

In no event shall the amount of interest due or payable under this Note exceed the maximum rate of interest allowed by applicable law, and in the event any such payment is inadvertently paid by the undersigned or inadvertently received by the Lender, then the excess sum shall be credited as a payment of principal, unless the undersigned shall notify the Lender, in writing, that the undersigned elects to have the excess sum returned to it immediately. It is the express intent of this instrument that the Borrower not pay and the Lender not receive, directly or indirectly in any manner, interest in excess of that which may be legally paid by the undersigned under applicable law.

9.    Credit of Payments. Payments under this Note shall be applied first to outstanding and accrued but unpaid interest, and then to the outstanding principal balance.

10.    Acceleration. The Lender shall have the optional right to declare the amount of the total unpaid balance of this Note to be due and immediately payable in

2



advance of the maturity date of any installment, as determined in this Note, on the failure of the Borrower to pay, when due, any one of the installments. Upon exercise of this option by the Lender, the entire unpaid principal balance shall bear interest at the rate noted above, until paid. Forbearance to exercise this option with respect to any failure or breach of the Borrower shall not constitute a waiver of the right as to any subsequent failure or breach.

11. <u>Time</u>. Time is of the essence. In case the amounts due under this Note are collected by law or through an attorney at law, or under advice therefrom, the undersigned agrees to pay all costs of collection, including, but not limited to, any attorney's fees.

12. <u>Governing Law</u>. This Note shall be governed by the laws of the State of Illinois. Whenever possible, each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Note is invalid for any reason, such provision shall be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Note.

13. <u>Entire Agreement</u>. Both parties agree that this is the entire Note. This Note contains the entire understanding of the parties. There are no representations, warranties, promises, covenants, parole evidence, oral or otherwise, other than those expressly set forth herein.

Any amendment of the Note made after the signing on this day shall be made in writing only with the signature of both parties.

Given under the hand and seal of the undersigned, this 7th day of May, 2007.

GATOR DEVELOPMENT, LLC

BY: _Matthew J. Callahan_

MATTHEW J. CALLAHAN
Managing Member

Signed before me this
7th day of MAY, 2007.

_S. Kihis_
Notary Public
My commission expires: MAY 6, 2008

See attached for seal

W0047292v1

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of Los Angeles } ss.

On MAY 7, 2007, before me, S. KAKEHASHI, NOTARY PUBLIC
Date                              Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared MATTHEW J. CALLAHAN
Name(s) of Signer(s)

☐ personally known to me

☑ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

S. KAKEHASHI
COMM. #1483112
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires May 6, 2008

Place Notary Seal Above

WITNESS my hand and official seal.

S. Kakeh
Signature of Notary Public

──────────────── OPTIONAL ────────────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

## Description of Attached Document

Title or Type of Document: PROMISSORY NOTE

Document Date: MAY 7, 2007                    Number of Pages: 3

Signer(s) Other Than Named Above: None

## Capacity(ies) Claimed by Signer(s)

Signer's Name: MATTHEW J. CALLAHAN
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☑ Other: MANAGING MEMBER

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing:
GATOR DEVELOPMENT, LLC

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____

© 2004 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402    Item No. 5907    Reorder: Call Toll-Free 1-800-876-6827

# Exhibit 2

November 20, 2007

375 West Erie #302
Chicago, Illinois 60610
(312) 515-6102
adshapiro23@hotmail.com

**VIA E-MAIL AND FEDERAL EXPRESS**

Matthew J. Callahan
2855 Lawrenceville Suwanee Road
Suite 760
Suwanee, GA 30024-3140

Re:    **Promissory Note and Personal Guaranty**

Dear Mr. Callahan,

        I write to you in both your individual capacity and as Managing Agent of Gator Development, LLC ("Gator") concerning the promissory note and personal guaranty executed by Gator and you on or about May 7, 2007 (hereinafter the "Promissory Note" and the "Personal Guaranty").  As you know, Gator failed to make its interest payment of $5,000 by November 15, 2007 as required by Paragraph 2 of the Promissory Note and is now in default.  Accordingly, pursuant to Paragraph 10 of the Promissory Note, I hereby declare the amount of the total unpaid balance of the Promissory Note to be due and immediately payable.

        Pursuant to Paragraph 6 of the Promissory Note, in the event of a default and upon my election, I am entitled to receive title to six lots in Charlotte Estates.  Please provide me with the PIN Number for the six lots you have set aside for that purpose and confirm that the lots are free from any liens, mortgages or other encumbrances of any kind as warranted in the Promissory Note, so I can determine whether to make the election provided in Paragraph 6.  Finally, pursuant to Paragraph 4 of the Personal Guarantee, I hereby exercise my right to demand that you personally pay the unpaid balance of the Promissory Note immediately.  If I do not receive the outstanding balance of $105,693 on or before November 27, 2007, you will leave me no choice but to pursue recovery of the outstanding balance via other legal means.

                                                Very truly yours,

                                                Andrew D. Shapiro

cc:    Larry C. Oldham (via e-mail and Fed Ex)
        Registered Agent for Gator Development, LLC
        416 Pirkle Ferry Road
        Suite K-500
        Cumming, GA 30040

# Exhibit 3

# PERSONAL GUARANTY

THIS GUARANTY AGREEMENT is made and entered into on this ⅂ th day of May, 2007.

WHEREAS, on May 7, 2007, Gator Development, LLC ("Borrower") executed a promissory note in favor of Andrew D. Shapiro ("Lender") to repay $100,000.00 loaned to Borrower ("Contract").

WHEREAS, Matthew J. Callahan ("Guarantor") is the Managing Member of Gator Development, LLC;

WHEREAS, Guarantor is hereby guaranteeing the payment of the sums due under the Contract:

NOW, THEREFORE, in order to induce Lender to enter into the Contract and make the loan associated therewith, and in consideration of other good and valuable consideration, the receipt, adequacy and sufficiency whereof are hereby acknowledged, Guarantor hereby covenants and agrees to, with and for the benefit of Lender, as follows:

1.    <u>Guaranty</u>.  Guarantor hereby absolutely, irrevocably and unconditionally guarantees to Lender the full and complete satisfaction of the obligations of Gator Development, LLC, pursuant to the terms and conditions of the Contract.  In the event of the failure or refusal of Borrower to perform under the Contract for any reason, Guarantor shall immediately, without protest or independent defense, satisfy the Contract on behalf of Borrower.

2.    <u>Guarantor's Obligations Absolute.</u>

(a)    The obligations, covenants, guaranties and agreements contained herein are absolute and unconditional and shall not be abridged or terminated.  Guarantor agrees that no action which Lender may take or omit to take in connection with the Contract, nor any custom, usage or course of dealing with Borrower or any other person, shall (1) release, discharge, modify, extinguish, reduce or otherwise affect Guarantor's absolute obligation hereunder, (2) affect this Agreement in any way; or (3) afford Guarantor any recourse against Lender.

(b)    The rights, privileges and remedies of Lender hereunder and the obligations, liabilities and duties of Guarantor hereunder shall not be abridged, impaired, affected, released, waived, discharged or reduced by or upon any renewal, extension, or rearrangement of, or any indulgence with respect to the Contract.

(c)    Lender shall not be required or obligated in any way to notify Guarantor of any of the events set forth in subparagraph (b) above.

(d)    As to any terms of the Contract that require payment of money

*MJC*
5/7/07

by Borrower, this Agreement shall be and is GUARANTY OF PAYMENT AND NOT OF COLLECTION. Guarantor specifically agrees that it shall not be necessary or required, nor shall Guarantor be entitled to require, that Lender (1) file suit, proceed to obtain or assert a claim for Contract against Borrower with respect to the Contract, or make any effort at enforcement of same from Borrower or foreclose against or seek to realize upon any security now or hereafter existing, (2) file suit or proceed to obtain or assert a claim for Contract against any other party liable with respect to the Contract or any security or guaranty therefore or asset or file any claims against the assets of Borrower or any other person liable for the Contract or any part thereof, before or as a condition of enforcing the liability of Guarantor under this Guaranty.

      3.    <u>Waiver</u>. Guarantor expressly and unconditionally waives (1) notice of acceptance of this Agreement by Borrower, (2) notice of any matters set forth in Paragraph 2 hereof, (3) notice of any and all defaults by Borrower, or disputes or controversies between Lender and Borrower, (4) all other notices whatsoever which can be waived, (5) any right they may have to require that Lender (A) use diligence in collecting sums due under the Contract; (B) take any action whatsoever with respect to the Contract; or (C) assume any liability under this Guaranty.

      Guarantor further waives and agrees not to assert or take advantage of: (a) the defense of the statute of limitations in any action hereunder or for the collection of the indebtedness or the performance of any obligation hereby guaranteed; (b) any defense that may arise by reason of the incapacity, lack of authority, death or disability of Guarantor or any other person or entity, or the failure of Lender to file or enforce a claim against the estate (either in administration, bankruptcy, or any other proceeding) of Borrower or any other person or entity; (c) any existence, creation or incurring of any new or additional indebtedness or obligation or of any action or nonaction on the part of any other person whosoever, in connection with any obligation hereby guaranteed; (d) any defense based upon an election of remedies by Lender which destroys or otherwise impairs any subrogation rights of Guarantor or the right of Guarantor to proceed against Borrower for reimbursement, or both; (e) any defense based upon the failure of Lender to commence an action against Borrower; (f) acceptance or notice of acceptance of this Guaranty by Lender; (g) notice of presentment and demand for payment of any of the indebtedness or performance of any of the obligations hereby guaranteed; (h) protest and notice of dishonor or of default to Guarantor or to any other party with respect to the indebtedness or performance of obligations hereby guaranteed; or (i) any and all other notices whatsoever to which Guarantor might otherwise be entitled.

      4.    <u>Default</u>. If Borrower shall default in the performance of any condition, covenant or agreement required to be performed by Borrower under the Contract, Lender shall have the right to enforce his rights, powers and remedies thereunder or hereunder or under any other instrument concerning or securing the Contract in any order, and all rights, powers and remedies available to Lender in such event shall be nonexclusive and cumulative of all other rights, powers and remedies provided thereunder or hereunder, in law or in equity. The obligations of Guarantor hereunder are independent and Lender may proceed directly against Guarantor to enforce any and all rights, remedies or powers

contained in this Agreement without proceeding against or joining Borrower or any other person including, without limitation, any other Guarantor, and without applying or enforcing any security for the Contract, Guarantor hereby expressly waives all statutory or other rights which they may have to require Lender to first take action against Borrower or against any security for payment of the Contract.

5.    Proceeds.  Guarantor hereby authorizes Lender, without notice to or further consent of Guarantor, to apply any and all payments and credits received from Borrower or from Guarantor in such priority as Lender in his sole judgment shall see fit to the indebtedness, obligations and undertakings which are the subject of this Agreement.

6.    Successors and Assigns.  Guarantor's obligations hereunder shall not be assigned or delegated.  This Guaranty shall be binding upon Guarantor and shall bind and be enforceable against Guarantor's successors, heirs and legal representatives.  This Agreement shall apply to and inure to the benefit of Lender and his successors, assigns and legal representatives.  The liability of Guarantor and his successors, heirs and legal representatives hereunder are primary and unconditional and shall not be affected by reason of the death or incapacity of any individual Guarantor.

7.    No Oral Change.  This Agreement may not be changed, modified, amended or altered, and no obligation of Guarantor can be discharged or waived by Lender, expect in writing signed by Lender.

8.    Applicable Law.  This Guaranty shall be governed by and construed in accordance with the laws of the State of Illinois.  Whenever possible, each provision of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Guaranty is invalid for any reason, such provision shall be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Guaranty or their application to any other Guarantor.

9.    Term.  This unconditional Personal Guaranty shall terminate with the satisfaction of the Contract, provided all terms and conditions of the Contract have been satisfied to that date.  The covenants contained herein shall be continuing, absolute, unconditional and irrevocable by Guarantor until there exists no possibility of Guarantor's liability hereunder.  When such condition has been met, Lender will upon written request furnish a written cancellation of this Guaranty.  No delay or failure on the part of the Lender in the exercise of any right or remedy shall operate as a waiver thereof, and no single or partial exercise by Lender of any right or remedy shall prevent further exercise thereof or the exercise of any right or remedy.

10.    Expenses.  Guarantor agrees to pay the following (herein called "Expenses"):  (a) all expenses paid or incurred by Lender in endeavoring to collect the amounts due under the Contract or any part thereof from Guarantor, including attorneys'

fees; and (b) all expenses paid or incurred by Lender in collecting this Guaranty, including attorneys' fees.

11.    Transfer of Rights.  Lender may, without notice of any kind, sell, assign, or transfer all or any of the liabilities due under the Contract, and in such event each and every immediate and successive assignee, transferee, or holder of all or any of the liabilities, shall have the right to enforce this Guaranty, by suit or otherwise, for the benefit of such assignee, transferee or holder, as fully as if such assignee, transferee or holder were herein by name specifically given such rights, powers and benefits, but the Lender shall have an unimpaired right, prior and superior to that of any such assignee, transferee or holder, to enforce this Guaranty for the benefit of the Lender, as to so much of the liabilities as he has not sold, assigned or transferred.

12.    Notices.  All notices to Guarantor hereunder shall be in writing and shall be deemed given when hand delivered, sent by courier or recognized overnight delivery service, or sent by registered or certified United States mail, postage prepaid, and shall be addressed to him at the address indicated below, or at such other address of which Guarantor shall have given written notice to Lender.

Guarantor's Address for Notices:

Matthew J. Callahan
2855 Lawrenceville Suwanee Rd.
Suite 760
Suwanee, GA 30024-3140

IN WITNESS HEREOF, Guarantor and Lender have caused this Guaranty to be executed under seal on the date first above written.

GUARANTOR

_Matthew J. Callahan_
MATTHEW J. CALLAHAN (seal)

Signed before me this
7TH day of MAY, 2007.

_S. K. ___

Notary Public
My commission expires: MAY 6, 2008
See attached for seal

W0047294v1

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Los Angeles_ } ss.

On _MAY 7, 2007_ , before me, _S. KAKEHASHI, NOTARY PUBLIC_
     Date                              Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally    appeared    _MATTHEW J. CALLAHAN_
                                   Name(s) of Signer(s)

☐ personally known to me

☒ proved to me on the basis of satisfactory evidence
to be the person(s) whose name(s) is/are subscribed
to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the
entity upon behalf of which the person(s) acted,
executed the instrument.

WITNESS my hand and official seal.

_____
Signature of Notary Public

**S. KAKEHASHI**
COMM. #1483112
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires May 6, 2008

Place Notary Seal Above

----------------- **OPTIONAL** -----------------
*Though the information below is not required by law, it may prove valuable to persons relying on the document
and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _PERSONAL GUARANTY_

Document Date: _MAY 7, 2007_ _____ Number of Pages: _4_

Signer(s) Other Than Named Above: _NONE_

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _MATTHEW J. CALLAHAN_
☒ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

**RIGHT THUMBPRINT OF SIGNER**
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

**RIGHT THUMBPRINT OF SIGNER**
Top of thumb here