## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW D. SHAPIRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07 C 6870 |
| v. | ) | |
| | ) | |
| GATOR DEVELOPMENT, LLC, and | ) | Judge Joan B. Gottschall |
| MATTHEW J. CALLAHAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST MATTHEW J. CALLAHAN

Plaintiff Andrew D. Shapiro moves this Court pursuant to Federal Rule of Civil Procedure 55 to enter a default and a default judgment against Defendant Matthew J. Callahan. In support of this motion, Plaintiff Shapiro offers the Affidavits of Ken Corbin and Andrew D. Shapiro, filed contemporaneously herewith, and further states as follows.

1.      On December 5, 2007, Plaintiff Shapiro commenced an action in the United States District Court for the Northern District of Illinois (Case No. 07 C 6870) against: (1) Gator Development, LLC ("Gator") asserting Breach of Promissory Note (Count I); and (2) Defendant Callahan asserting breach of Personal Guaranty (Count II). (*See* Complaint, attached hereto as Exhibit 1.)

2.      In support of Count II, Plaintiff Shapiro alleges that: (i) Defendant Callahan executed and delivered a personal guaranty to Plaintiff Shapiro (the "Personal Guaranty") to induce Plaintiff Shapiro to enter into a promissory note with Defendant Gator and make a loan associated therewith; (ii) pursuant to the Personal Guaranty, Defendant Callahan absolutely, irrevocably, and unconditionally guaranteed the full and complete satisfaction of the obligations of Defendant Gator pursuant to the terms and conditions of the promissory note; (iii) the

Personal Guaranty also provided that in the event of the failure or refusal of Defendant Gator to perform under the promissory note for any reason, Defendant Callahan would immediately, without protest or independent defense, satisfy the promissory note on behalf of Defendant Gator; (iv) Defendant Gator failed to make a requisite interest installment payment pursuant to the promissory note; (v) Defendant Callahan ignored Plaintiff Shapiro's subsequent demand for the immediate payment of the outstanding balance of the promissory note; and (vi) the Personal Guaranty also provided that Defendant Callahan would pay all expenses paid or incurred by Plaintiff Shapiro in endeavoring to collect the amounts due under the promissory note from Defendant Gator, including attorneys' fees, and that Defendant Callahan would pay all expenses paid or incurred by Plaintiff Shapiro in collecting pursuant to the Personal Guaranty, including attorneys' fees. (*See* Ex. 1 at ¶¶ 16-21.)

3.      The Personal Guaranty provides that the obligations of Defendant Callahan are independent and that Plaintiff Shapiro may proceed directly against Defendant Callahan to enforce any and all rights, remedies or powers contained in the Personal Guaranty without proceeding or joining Defendant Gator or any other person. (*See* Personal Guaranty at ¶ 4, attached as Ex. 3 to the Complaint (attached hereto as Ex. 1).)

4.      On December 12, 2007, Ken Corbin, a licensed private process server, served the Summons and Complaint in this action on Defendant Callahan by leaving a copy of the Summons and Complaint at Defendant Callahan's "dwelling house or usual place of abode with a person of suitable age and discretion then residing therein", namely Defendant Callahan's wife, Shellie Callahan. (*See* Affidavit of Process Server, attached hereto as Exhibit 2.)  The Summons required Defendant Callahan to answer the Complaint within twenty (20) days after service, or by January 2, 2008. *(Id.)*

5.      Service upon Defendant Callahan was proper under Rule 4 of the Federal Rules of

Civil Procedure.

6.    Defendant Callahan has neither filed an appearance nor answered the Complaint.

7.    As of the date of this filing, the outstanding balance on the promissory note is

$108,049.32. (*See* Affidavit of Andrew D. Shapiro at ¶ 8, attached hereto as Exhibit 3.) As of

this filing, Plaintiff Shapiro has incurred fees and expenses totaling $3,612.49 attempting to

collect the outstanding balance due on the promissory note and Personal Guaranty. (*See id.* at ¶

9.)

8.    Accordingly, pursuant to the terms of the Promissory Note, Plaintiff Shapiro is

entitled to a judgment in the amount of $111,661.81.

WHEREFORE, Plaintiff Shapiro requests that this Court:

(a)    Enter the default of Defendant Callahan;

(b)    Enter a default judgment against Defendant Callahan for compensatory damages

in the amount of $111,661.81;

(c)    Award Plaintiff Shapiro any post-judgment interest that may hereafter accrue as

provided for in 28 U.S.C. §1961; and

(d)    Award any other relief the Court deems appropriate.

Dated:  January 7, 2008                        ANDREW D. SHAPIRO


                                               s/ James A. Morsch
                                               One of the Attorneys for Plaintiff

James A. Morsch (6209558)
Andrew D. Shapiro (6273040)
BUTLER RUBIN SALTARELLI & BOYD LLP
70 West Madison Street, Suite 1800
Chicago, Illinois 60602
(312) 444-9660
Attorneys for Plaintiff Andrew D. Shapiro