# Exhibit List

(For Plaintiff's Motion for Entry of Default and Default Judgment Against Matthew J. Callahan)

**Exhibit 1:  Plaintiff's Complaint**

**Exhibit 2:  Summons & Return of Service**

**Exhibit 3:  Affidavit of Andrew D. Shapiro**
**A: Recap of Time Detail**
**B: Receipt of the Clerk of the Court**
**C: Invoice from the Naked Truth Detective Agency**
**D: Invoice from Huhn & Associates, Inc.**

# Exhibit 1

FILED

DECEMBER 5, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

# 07 C 6870

| | | |
|---|---|---|
| ANDREW D. SHAPIRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| GATOR DEVELOPMENT, LLC, and | ) | JURY DEMANDED JUDGE GOTTSCHALL |
| MATTHEW J. CALLAHAN, | ) | MAGISTRATE JUDGE NOLAN |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Andrew D. Shapiro, by his attorneys, complains against Defendants Gator Development, LLC ("Gator") and Matthew J. Callahan as follows:

### PARTIES

1.      Plaintiff Andrew D. Shapiro is an individual residing in Chicago, Illinois.

2.      Defendant Gator Development, LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with an office for the transaction of business located at 2855 Lawrenceville Suwanee Road, Suite 760, Lawrenceville, Georgia.  The Managing Member of Defendant Gator, Defendant Callahan, is a citizen of Oklahoma.  Upon information and belief, none of the members of Defendant Gator are citizens of Illinois.

3.      Defendant Matthew J. Callahan is an individual residing in Tulsa, Oklahoma.

### JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

5.      Venue is proper in the District Court for the Northern District of Illinois pursuant

to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claim asserted herein occurred in this judicial district. Both of the relevant contracts were negotiated in Chicago, the investment was arranged in Chicago, and both contracts are to be governed by and construed in accordance with the laws of the State of Illinois.

## Count I – Breach of Promissory Note
### (Against Defendant Gator)

6.     Plaintiff Shapiro adopts and incorporates by reference as if fully set forth herein each of his allegations set forth in paragraphs 1 through 5 above.

7.     On or about May 7, 2007, in consideration of a loan to Defendant Gator by Plaintiff Shapiro, Defendant Gator executed and delivered a promissory note in favor of Plaintiff Shapiro in the amount of $100,000 (the "Promissory Note"). A true and correct copy of the Promissory Note is attached hereto as Exhibit 1 and by this reference is incorporated herein.

8.     Pursuant to the Promissory Note, Defendant Gator promised to repay $100,000 on or before August 15, 2008. (*See* Ex. 1 at ¶ 3.) Defendant Gator also agreed to make interest installment payments to Plaintiff Shapiro of $5,000 on each of the following dates: May 15, 2007, August 15, 2007, November 15, 2007, February 15, 2007, May 15, 2008, and August 15, 2008. (*See id.* at ¶ 2.)

9.     Defendant Gator made the first interest installment payment of $5,000 on or about May 15, 2007. Defendant Gator made the second interest installment payment of $5,000 on or about August 15, 2007.

10.     Defendant Gator has not made the third interest installment payment of $5,000, which was due on November 15, 2007.

11.     Paragraph 10 of the Promissory Note provides the following:

2

> [Plaintiff Shapiro] shall have the optional right to declare the amount of the total unpaid balance of this Note to be due and immediately payable in advance of the maturity date of any installment, as determined in this Note, on the failure of [Defendant Gator] to pay, when due, any one of the installments.

(*See id.* at ¶ 10.)

12.    As a result of Defendant Gator's failure to pay the third interest installment payment, on November 20, 2007, Plaintiff Shapiro sent Defendant Gator a letter, via e-mail and Federal Express, declaring the amount of the total unpaid balance of the Promissory Note to be due and immediately payable pursuant to Paragraph 10 of the Promissory Note. A true and correct copy of the November 20, 2007 letter is attached hereto as Exhibit 2 and by this reference is incorporated herein. Plaintiff Shapiro requested that Defendant Gator pay the outstanding balance on or before November 27, 2007. (*See* Ex. 2.)

13.    As of this filing, Defendant Gator has neither responded to Plaintiff Shapiro's letter nor paid the outstanding balance of the Promissory Note.

14.    Accordingly, Defendant Gator is therefore in default and, under the terms of the Promissory Note, all amounts are immediately due and payable.

15.    The Promissory Note provides that any payment of principal or interest that is not made when due will bear interest at a rate of twenty percent per annum. (*See* Ex. 1 at ¶ 8.) In addition, the Promissory Note states that "[i]n case the amounts due under this Note are collected by law or through an attorney at law, or under advice therefrom, [Defendant Gator] agrees to pay all costs of collection, including, but not limited to, any attorney's fees." (*Id.* at ¶ 11.)

WHEREFORE, Plaintiff Andrew D. Shapiro prays for a judgment in his favor and against Defendant Gator in the amount of $105,000 plus pre-judgment interest calculated from November 16, 2007 at the rate of twenty percent per annum, costs of collection, attorneys' fees

3

to and including the date of judgment, and any further legal or equitable relief this Court deems appropriate.

## Count II – Breach of Personal Guaranty
### (Against Defendant Callahan)

16.     Plaintiff Shapiro adopts and incorporates by reference as if fully set forth herein each of his allegations set forth in paragraphs 1 through 15 above.

17.     On or about May 7, 2007, to induce Plaintiff Shapiro to enter into the Promissory Note and make the loan associated therewith, Defendant Callahan executed and delivered a personal guarantee to Plaintiff Shapiro (the "Personal Guaranty"). A true and correct copy of the Personal Guarantee is attached hereto as Exhibit 3 and by this reference is incorporated herein.

18.     The Personal Guaranty states that:

> [Defendant Callahan] hereby absolutely, irrevocably, and unconditionally guarantees to [Plaintiff Shapiro] the full and complete satisfaction of the obligations of [Defendant Gator], pursuant to the terms and conditions of the [Promissory Note]. In the event of the failure or refusal of [Defendant Gator] to perform under the [Promissory Note] for any reason, [Defendant Callahan] shall immediately, without protest or independent defense, satisfy the [Promissory Note] on behalf of [Defendant Gator].

(Ex. 3 at ¶ 1.)

19.     As a result of Defendant Gator's failure to pay the third interest installment payment, on November 20, 2007, Plaintiff Shapiro sent Defendant Callahan a letter, via e-mail and Federal Express, exercising his right, pursuant to Paragraph 4 of the Personal Guarantee, to demand that Defendant Callahan personally pay the unpaid balance of the Promissory Note immediately. (*See* Ex. 2.) Plaintiff Shapiro requested that Defendant Callahan pay the outstanding balance on or before November 27, 2007. (*See* Ex. 2.)

20.     As of this filing, Defendant Callahan has neither responded to Plaintiff Shapiro's

4

letter nor paid the outstanding balance of the Promissory Note. Accordingly, Defendant Callahan has breached the Personal Guarantee.

21.    Defendant Callahan agreed to pay: (a) all expenses paid or incurred by Plaintiff Shapiro in endeavoring to collect the amounts due under the Promissory Note from Defendant Gator, including attorneys' fees; and (b) all expenses paid or incurred by Plaintiff Shapiro in collecting pursuant to the Personal Guaranty, including attorneys' fees. (*See* Ex. 3 at ¶ 10.)

WHEREFORE, Plaintiff Andrew D. Shapiro prays for a judgment in his favor and against Defendant Callahan in the amount of $105,000 plus pre-judgment interest calculated from November 16, 2007 at the rate of twenty percent per annum, costs of collection pursuant to the Promissory Note and Personal Guaranty, attorneys' fees to and including the date of judgment, and any further legal or equitable relief this Court deems appropriate.

### JURY DEMAND

Plaintiff demands a trial by jury on issues triable at law.

Dated: December 5, 2007                    Respectfully Submitted,


                                   s/ Andrew D. Shapiro
                                   James A. Morsch
                                   Andrew D. Shapiro
                                   Butler Rubin Saltarelli & Boyd LLP
                                   70 West Madison Street
                                   Suite 1800
                                   Chicago, IL 60602-4257
                                   312-444-9660

                                   Attorneys for Plaintiff Andrew D. Shapiro


W0060205v3

5

## EXHIBITS 1 THROUGH 3

**Exhibit 1:**   Promissory Note                                    **07 C 6870**

**Exhibit 2:**   November 20, 2007 Letter to Matthew J. Callahan

**Exhibit 3:**   Personal Guaranty                        JUDGE GOTTSCHALL
                                                  MAGISTRATE JUDGE NOLAN

# Exhibit 1

## PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned, GATOR DEVELOPMENT, LLC, (referred to hereafter as "Borrower"), whose address is 2855 Lawrenceville Suwanee Rd, STE 760 Suwanee, GA 30024-3140, promises to pay to ANDREW D. SHAPIRO, his successors and assigns, (referred to hereafter as "Lender"), whose address is 375 West Erie #302, Chicago, Illinois 60610, in lawful money of the United States of America, the principal sum of $100,000.00, together with interest on this sum from the date of this instrument and at the rate set forth below, in accordance with the following provisions:

1.    <u>Fixed Interest Rate</u>.  Interest shall be due and payable on the outstanding principal balance of this Note at the rate of 20 percent per annum.

2.    <u>Equal Interest Only Payments of Interest</u>.  Commencing May 15, 2007, and continuing on the same date of each succeeding 3 month quarterly periods thereafter, Borrower shall make interest only payments at the rate set forth in paragraph 1 above on the principal amount.  Interest payments will be made as follows:

| | |
|---|---|
| May 15, 2007 | $5,000.00 |
| August 15, 2007 | $5,000.00 |
| November 15, 2007 | $5,000.00 |
| February 15, 2008 | $5,000.00 |
| May 15, 2008 | $5,000.00 |
| August 15, 2008 | $5,000.00 |

3.    <u>Maturity Date</u>.  The entire unpaid principal balance of this Note, together with all unpaid interest accrued on the balance, if any, shall be due and payable on or before August 15, 2008.

4.    <u>Acknowledgment Regarding Principal Payment</u>.  Borrower acknowledges that the repayment schedule of quarterly installments as set forth above is not sufficient to fully amortize the repayment of all amounts due under this Note, and that this repayment schedule will result in a substantial principal payment due on the maturity date referred to above.

5.    <u>Place of Payment</u>.  Payments hereunder shall be paid to the Lender at the address above, or to such other place or to such other person as Lender may designate in writing from time to time.

6.    <u>Security</u>.  Borrower warrants that it is the owner of a real estate development known as Charlotte Estates, located in Jackson County, Georgia.  Matthew

MDC 5/7/07

J. Callahan is the managing member of Borrower. If there is a default on this Note or the Personal Guaranty of Matthew J. Callahan, which is discussed below, then Borrower agrees that Lender shall receive 6 lots in Charlotte Estates, from which Lender shall recoup his $100,000.00 in loan principle, or such amount which remains due and owing under this agreement, plus 20% annual interest on said amount, plus any associated expenses incurred by lender relating to the default.

Lender recognizes that lots in Charlotte Estates are being sold by Borrower to Royce Homes for development. If there is a default on this Note, Lender will have the right to choose the 6 lots in Charlotte Estates from which he shall recoup the amount due under the Note. Any lot chosen by Lender must be owned by Borrower at that time, and Borrower must inform Lender of whether any liens or mortgages exist on the lots chosen by Lender. Borrower guarantees that until it fully satisfies this Note it will maintain at least 6 lots in Charlotte Estates free of any liens, mortgages or other encumbrances of any kind.

As further inducement to Lender entering into this Note, the Note is being personally guaranteed by Matthew J. Callahan, Managing Member of Borrower. Mr. Callahan has executed a Personal Guaranty concurrent with this Note. If there is a default on the Personal Guaranty of Mr. Callahan, the balance due under this Note will accrue interest at the annual rate of 20%.

7.  **Pre-payment of Indebtedness.** The indebtedness evidenced by this Note may be prepaid in whole or in part at anytime without penalty or premium.

8.  **Accrual of Interest.** Interest shall accrue only on the amount of principal actually outstanding from time to time.

Any payment of principal or interest which is not made when due pursuant to Paragraphs 2 or 3 above shall bear interest at a rate of twenty percent per annum.

In no event shall the amount of interest due or payable under this Note exceed the maximum rate of interest allowed by applicable law, and in the event any such payment is inadvertently paid by the undersigned or inadvertently received by the Lender, then the excess sum shall be credited as a payment of principal, unless the undersigned shall notify the Lender, in writing, that the undersigned elects to have the excess sum returned to it immediately. It is the express intent of this instrument that the Borrower not pay and the Lender not receive, directly or indirectly in any manner, interest in excess of that which may be legally paid by the undersigned under applicable law.

9.  **Credit of Payments.** Payments under this Note shall be applied first to outstanding and accrued but unpaid interest, and then to the outstanding principal balance.

10.  **Acceleration.** The Lender shall have the optional right to declare the amount of the total unpaid balance of this Note to be due and immediately payable in

2

advance of the maturity date of any installment, as determined in this Note, on the failure of the Borrower to pay, when due, any one of the installments. Upon exercise of this option by the Lender, the entire unpaid principal balance shall bear interest at the rate noted above, until paid. Forbearance to exercise this option with respect to any failure or breach of the Borrower shall not constitute a waiver of the right as to any subsequent failure or breach.

11.    <u>Time</u>. Time is of the essence. In case the amounts due under this Note are collected by law or through an attorney at law, or under advice therefrom, the undersigned agrees to pay all costs of collection, including, but not limited to, any attorney's fees.

12.    <u>Governing Law</u>. This Note shall be governed by the laws of the State of Illinois. Whenever possible, each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Note is invalid for any reason, such provision shall be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Note.

13.    <u>Entire Agreement</u>. Both parties agree that this is the entire Note. This Note contains the entire understanding of the parties. There are no representations, warranties, promises, covenants, parole evidence, oral or otherwise, other than those expressly set forth herein.

Any amendment of the Note made after the signing on this day shall be made in writing only with the signature of both parties.

Given under the hand and seal of the undersigned, this 7th day of May, 2007.

GATOR DEVELOPMENT, LLC

BY: _____
MATTHEW J CALLAHAN
Managing Member

Signed before me this
7th day of MAY, 2007.

_____
Notary Public
My commission expires: MAY 6, 2008
        see attached for seal

W0047292v1

3

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of __Los Angeles__ } ss.

On __MAY 7, 2007__ , before me, __S. KAKEHASHI, NOTARY PUBLIC__
    Date                         Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared __MATTHEW J. CALLAHAN__
                                     Name(s) of Signer(s)

☐ personally known to me

☑ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

```
S. KAKEHASHI
COMM. #1483112
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires May 6, 2008
```

Place Notary Seal Above

WITNESS my hand and official seal.

_S. Kakeh_
Signature of Notary Public

---

## OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: __PROMISSORY NOTE__

Document Date: __MAY 7, 2007__      Number of Pages: __3__

Signer(s) Other Than Named Above: __NONE__

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: __MATTHEW J. CALLAHAN__
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☑ Other: __MANAGING MEMBER__

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing:
__GATOR DEVELOPMENT, LLC__

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____

© 2004 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402    Item No. 5907    Reorder: Call Toll-Free 1-800-876-6827

# Exhibit 2

November 20, 2007

375 West Erie #302
Chicago, Illinois 60610
(312) 515-6102
adshapiro23@hotmail.com

**VIA E-MAIL AND FEDERAL EXPRESS**

Matthew J. Callahan
2855 Lawrenceville Suwanee Road
Suite 760
Suwanee, GA 30024-3140

Re:    **Promissory Note and Personal Guaranty**

Dear Mr. Callahan,

I write to you in both your individual capacity and as Managing Agent of Gator Development, LLC ("Gator") concerning the promissory note and personal guaranty executed by Gator and you on or about May 7, 2007 (hereinafter the "Promissory Note" and the "Personal Guaranty"). As you know, Gator failed to make its interest payment of $5,000 by November 15, 2007 as required by Paragraph 2 of the Promissory Note and is now in default. Accordingly, pursuant to Paragraph 10 of the Promissory Note, I hereby declare the amount of the total unpaid balance of the Promissory Note to be due and immediately payable.

Pursuant to Paragraph 6 of the Promissory Note, in the event of a default and upon my election, I am entitled to receive title to six lots in Charlotte Estates. Please provide me with the PIN Number for the six lots you have set aside for that purpose and confirm that the lots are free from any liens, mortgages or other encumbrances of any kind as warranted in the Promissory Note, so I can determine whether to make the election provided in Paragraph 6. Finally, pursuant to Paragraph 4 of the Personal Guarantee, I hereby exercise my right to demand that you personally pay the unpaid balance of the Promissory Note immediately. If I do not receive the outstanding balance of $105,693 on or before November 27, 2007, you will leave me no choice but to pursue recovery of the outstanding balance via other legal means.

Very truly yours,

Andrew D. Shapiro

cc:    Larry C. Oldham (via e-mail and Fed Ex)
       Registered Agent for Gator Development, LLC
       416 Pirkle Ferry Road
       Suite K-500
       Cumming, GA 30040

# Exhibit 3

## PERSONAL GUARANTY

THIS GUARANTY AGREEMENT is made and entered into on this ⌐th day of May, 2007.

WHEREAS, on May 7, 2007, Gator Development, LLC ("Borrower") executed a promissory note in favor of Andrew D. Shapiro ("Lender") to repay $100,000.00 loaned to Borrower ("Contract").

WHEREAS, Matthew J. Callahan ("Guarantor") is the Managing Member of Gator Development, LLC;

WHEREAS, Guarantor is hereby guaranteeing the payment of the sums due under the Contract:

NOW, THEREFORE, in order to induce Lender to enter into the Contract and make the loan associated therewith, and in consideration of other good and valuable consideration, the receipt, adequacy and sufficiency whereof are hereby acknowledged, Guarantor hereby covenants and agrees to, with and for the benefit of Lender, as follows:

1.     <u>Guaranty.</u>  Guarantor hereby absolutely, irrevocably and unconditionally guarantees to Lender the full and complete satisfaction of the obligations of Gator Development, LLC, pursuant to the terms and conditions of the Contract.  In the event of the failure or refusal of Borrower to perform under the Contract for any reason, Guarantor shall immediately, without protest or independent defense, satisfy the Contract on behalf of Borrower.

2.     <u>Guarantor's Obligations Absolute.</u>

(a)     The obligations, covenants, guaranties and agreements contained herein are absolute and unconditional and shall not be abridged or terminated.  Guarantor agrees that no action which Lender may take or omit to take in connection with the Contract, nor any custom, usage or course of dealing with Borrower or any other person, shall (1) release, discharge, modify, extinguish, reduce or otherwise affect Guarantor's absolute obligation hereunder, (2) affect this Agreement in any way; or (3) afford Guarantor any recourse against Lender.

(b)     The rights, privileges and remedies of Lender hereunder and the obligations, liabilities and duties of Guarantor hereunder shall not be abridged, impaired, affected, released, waived, discharged or reduced by or upon any renewal, extension, or rearrangement of, or any indulgence with respect to the Contract.

(c)     Lender shall not be required or obligated in any way to notify Guarantor of any of the events set forth in subparagraph (b) above.

(d)     As to any terms of the Contract that require payment of money

by Borrower, this Agreement shall be and is GUARANTY OF PAYMENT AND NOT OF COLLECTION. Guarantor specifically agrees that it shall not be necessary or required, nor shall Guarantor be entitled to require, that Lender (1) file suit, proceed to obtain or assert a claim for Contract against Borrower with respect to the Contract, or make any effort at enforcement of same from Borrower or foreclose against or seek to realize upon any security now or hereafter existing, (2) file suit or proceed to obtain or assert a claim for Contract against any other party liable with respect to the Contract or any security or guaranty therefore or asset or file any claims against the assets of Borrower or any other person liable for the Contract or any part thereof, before or as a condition of enforcing the liability of Guarantor under this Guaranty.

3.    Waiver. Guarantor expressly and unconditionally waives (1) notice of acceptance of this Agreement by Borrower, (2) notice of any matters set forth in Paragraph 2 hereof, (3) notice of any and all defaults by Borrower, or disputes or controversies between Lender and Borrower, (4) all other notices whatsoever which can be waived, (5) any right they may have to require that Lender (A) use diligence in collecting sums due under the Contract; (B) take any action whatsoever with respect to the Contract; or (C) assume any liability under this Guaranty.

Guarantor further waives and agrees not to assert or take advantage of: (a) the defense of the statute of limitations in any action hereunder or for the collection of the indebtedness or the performance of any obligation hereby guaranteed; (b) any defense that may arise by reason of the incapacity, lack of authority, death or disability of Guarantor or any other person or entity, or the failure of Lender to file or enforce a claim against the estate (either in administration, bankruptcy, or any other proceeding) of Borrower or any other person or entity; (c) any existence, creation or incurring of any new or additional indebtedness or obligation or of any action or nonaction on the part of any other person whosoever, in connection with any obligation hereby guaranteed; (d) any defense based upon an election of remedies by Lender which destroys or otherwise impairs any subrogation rights of Guarantor or the right of Guarantor to proceed against Borrower for reimbursement, or both; (e) any defense based upon the failure of Lender to commence an action against Borrower; (f) acceptance or notice of acceptance of this Guaranty by Lender; (g) notice of presentment and demand for payment of any of the indebtedness or performance of any of the obligations hereby guaranteed; (h) protest and notice of dishonor or of default to Guarantor or to any other party with respect to the indebtedness or performance of obligations hereby guaranteed; or (i) any and all other notices whatsoever to which Guarantor might otherwise be entitled.

4.    Default. If Borrower shall default in the performance of any condition, covenant or agreement required to be performed by Borrower under the Contract, Lender shall have the right to enforce his rights, powers and remedies thereunder or hereunder or under any other instrument concerning or securing the Contract in any order, and all rights, powers and remedies available to Lender in such event shall be nonexclusive and cumulative of all other rights, powers and remedies provided thereunder or hereunder, in law or in equity. The obligations of Guarantor hereunder are independent and Lender may proceed directly against Guarantor to enforce any and all rights, remedies or powers



contained in this Agreement without proceeding against or joining Borrower or any other person including, without limitation, any other Guarantor, and without applying or enforcing any security for the Contract, Guarantor hereby expressly waives all statutory or other rights which they may have to require Lender to first take action against Borrower or against any security for payment of the Contract.

5.    <u>Proceeds</u>.  Guarantor hereby authorizes Lender, without notice to or further consent of Guarantor, to apply any and all payments and credits received from Borrower or from Guarantor in such priority as Lender in his sole judgment shall see fit to the indebtedness, obligations and undertakings which are the subject of this Agreement.

6.    <u>Successors and Assigns</u>.  Guarantor's obligations hereunder shall not be assigned or delegated.  This Guaranty shall be binding upon Guarantor and shall bind and be enforceable against Guarantor's successors, heirs and legal representatives.  This Agreement shall apply to and inure to the benefit of Lender and his successors, assigns and legal representatives.  The liability of Guarantor and his successors, heirs and legal representatives hereunder are primary and unconditional and shall not be affected by reason of the death or incapacity of any individual Guarantor.

7.    <u>No Oral Change</u>.  This Agreement may not be changed, modified, amended or altered, and no obligation of Guarantor can be discharged or waived by Lender, expect in writing signed by Lender.

8.    <u>Applicable Law</u>.  This Guaranty shall be governed by and construed in accordance with the laws of the State of Illinois.  Whenever possible, each provision of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Guaranty is invalid for any reason, such provision shall be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Guaranty or their application to any other Guarantor.

9.    <u>Term</u>.  This unconditional Personal Guaranty shall terminate with the satisfaction of the Contract, provided all terms and conditions of the Contract have been satisfied to that date.  The covenants contained herein shall be continuing, absolute, unconditional and irrevocable by Guarantor until there exists no possibility of Guarantor's liability hereunder.  When such condition has been met, Lender will upon written request furnish a written cancellation of this Guaranty.  No delay or failure on the part of the Lender in the exercise of any right or remedy shall operate as a waiver thereof, and no single or partial exercise by Lender of any right or remedy shall prevent further exercise thereof or the exercise of any right or remedy.

10.    <u>Expenses</u>.  Guarantor agrees to pay the following (herein called "Expenses"): (a) all expenses paid or incurred by Lender in endeavoring to collect the amounts due under the Contract or any part thereof from Guarantor, including attorneys'

fees; and (b) all expenses paid or incurred by Lender in collecting this Guaranty, including attorneys' fees.

11.    _Transfer of Rights_.  Lender may, without notice of any kind, sell, assign, or transfer all or any of the liabilities due under the Contract, and in such event each and every immediate and successive assignee, transferee, or holder of all or any of the liabilities, shall have the right to enforce this Guaranty, by suit or otherwise, for the benefit of such assignee, transferee or holder, as fully as if such assignee, transferee or holder were herein by name specifically given such rights, powers and benefits, but the Lender shall have an unimpaired right, prior and superior to that of any such assignee, transferee or holder, to enforce this Guaranty for the benefit of the Lender, as to so much of the liabilities as he has not sold, assigned or transferred.

12.    _Notices_.  All notices to Guarantor hereunder shall be in writing and shall be deemed given when hand delivered, sent by courier or recognized overnight delivery service, or sent by registered or certified United States mail, postage prepaid, and shall be addressed to him at the address indicated below, or at such other address of which Guarantor shall have given written notice to Lender.

Guarantor's Address for Notices:

Matthew J. Callahan
2855 Lawrenceville Suwanee Rd.
Suite 760
Suwanee, GA 30024-3140

IN WITNESS HEREOF, Guarantor and Lender have caused this Guaranty to be executed under seal on the date first above written.

GUARANTOR

_Matthew J. Callal_
MATTHEW J. CALLAHAN (seal)

Signed before me this
7th day of May, 2007.
_S. Kili_
Notary Public
My commission expires: MAY 6, 2008
See attached for seal

W0047294v1

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of ___Los Angeles_____ } ss.

On ___MAY 7, 2007___, before me, ___S. KAKEHASHI, NOTARY PUBLIC___,
Date                                          Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally    appeared    ___MATTHEW J. CALLAHAN_____
                          Name(s) of Signer(s)

☐ personally known to me

☒ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**S. KAKEHASHI**
COMM. #1483112
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires May 6, 2008

Place Notary Seal Above

WITNESS my hand and official seal.

_____
Signature of Notary Public

--- **OPTIONAL** ---

Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

**Description of Attached Document**

Title or Type of Document: ___PERSONAL GUARANTY___

Document Date: ___MAY 7, 2007___   Number of Pages: ___4___

Signer(s) Other Than Named Above: ___NONE___

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: ___MATTHEW J. CALLAHAN___

☒ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer Is Representing: _____

Signer's Name: _____

☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer Is Representing: _____

© 2004 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402      Item No. 5907      Reorder: Call Toll-Free 1-800-876-6827

# Exhibit 2

AO 440  (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

Andrew D. Shapiro

V.

Gator Development, LLC, and
Matthew J. Callahan

CASE NUMBER:

ASSIGNED JUDGE:

DESIGNATED
MAGISTRATE JUDGE:

# 07 C 6870

**JUDGE GOTTSCHALL
MAGISTRATE JUDGE NOLAN**

TO: (Name and address of Defendant)

Matthew J. Callahan
11408 S. Harvard Avenue
Tulsa, Oklahoma 74137

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Andrew D. Shapiro
Butler Rubin Saltarelli & Boyd, LLP
70 West Madison Street
Suite 1800
Chicago, Illinois 60602

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

NOTE: When the print dialogue box appears, be sure to uncheck the Annotations option.

MICHAEL W. DOBBINS, CLERK

**Michael W. Dobbins, Clerk**

*Cynthia Mercado*

--------------------------------------
**(By) DEPUTY CLERK**

**December 6, 2007**
--------------------------------------
**Date**

AO 440 (Rev. 05/00) Summons in a Civil Action

---

### RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE 12/12/2007 |
| NAME OF SERVER *(PRINT)* Ken Corbin | TITLE Licensed Private Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☒ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: Shellie Callahan (wife)

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

---

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL 50⁻ |
|---|---|---|

---

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 12/12/2007        _Ken Corbin_
　　　　　　　　Date　　　　　　　　Signature of Server

POB 14077  Tulsa, OK 74159
Address of Server

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# Exhibit 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW D. SHAPIRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07 C 6870 |
| v. | ) | |
| | ) | |
| GATOR DEVELOPMENT, LLC, and | ) | Judge Joan B. Gottschall |
| MATTHEW J. CALLAHAN, | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF ANDREW D. SHAPIRO**

I, Andrew D. Shapiro, being duly sworn upon oath, state as follows:

1.      On or about May 7, 2007, in consideration of a loan of $100,000 from me to Gator Development, LLC ("Gator"), Gator executed and delivered a promissory note in my favor in the amount of $100,000 (the "Promissory Note").

2.      Pursuant to the Promissory Note, Gator promised to repay $100,000 to me on or before August 15, 2008. Gator also agreed to make interest installment payments to me of $5,000 on each of the following dates: May 15, 2007, August 15, 2007, November 15, 2007, February 15, 2007, May 15, 2008, and August 15, 2008.

3.      Gator made the first interest installment payment of $5,000 on or about May 15, 2007. Gator made the second interest installment payment of $5,000 on or about August 15, 2007.

4.      Gator did not make the third interest installment payment of $5,000, which was due on November 15, 2007.

5.      On November 20, 2007, I sent Gator a letter, via e-mail and Federal Express, declaring the amount of the total unpaid balance of the Promissory Note to be due and immediately payable pursuant to Paragraph 10 of the Promissory Note.

6.    Gator has neither responded to my letter nor paid the outstanding balance of the Promissory Note.

7.    Paragraph 8 of the Promissory Note states that any payment of principal or interest that is not made when due will bear interest at a rate of twenty percent per annum.

8.    As of January 7, 2008, the total outstanding balance on the promissory note is $108,049.32. I arrived at this figure by: (1) multiplying the unpaid balance as of November 15, 2007 ($105,000) by the contractual interest rate (20%); (2) multiplying the result by the number of days between November 15, 2007 and January 7, 2008 (53); (3) dividing the result by the total number of days in a year (365); and (4) adding the result to the unpaid balance as of November 15, 2007 ($105,000).

9.    As of January 7, 2008, I have incurred fees and expenses totaling $3,612.49 attempting to collect the outstanding balance due on the promissory note and personal guaranty executed by Matthew J. Callahan. Specifically, I have incurred attorneys' fees totaling $2,898. (*See* Ex. A, Butler Rubin Saltarelli & Boyd Recap of Time Detail.) In addition, I paid a $350 filing fee to the Clerk of the Court. (*See* Ex. B; Receipt from the Clerk of the Court.) Furthermore, I paid process servers $364.49 to serve both defendants with a Summons and Complaint. (*See* Ex. C and Ex. D; Invoices from The Naked Truth Detective Agency and Huhn & Associates, Inc., respectively.)

Further Affiant Sayeth Not.

ANDREW D. SHAPIRO

SUBSCRIBED and SWORN TO before
me this 7th day of January , 2008

Marianne Malinowski
Notary Public

"OFFICIAL SEAL"
Marianne Malinowski
Notary Public, State of Illinois
My Commission Exp. 05/24/2008

2



Client:754490000 - ANDY SHAPIRO   1/3/2008 10:30:40 AM

| Date | Initials | Name / Invoice Number | Hours | Amount |
|------|----------|----------------------|-------|--------|
| 11/28/2007 | ADS | Andrew D. Shapiro | 1.00 | 315.00 |
| | | | | |
| 11/30/2007 | ADS | Andrew D. Shapiro | 1.00 | 315.00 |
| | | | | |
| 12/05/2007 | ADS | Andrew D. Shapiro | 1.20 | 378.00 |
| | | | | |
| | | | | |
| 12/05/2007 | JAM | James A. Morsch | 0.50 | 210.00 |
| | | | | |
| 12/06/2007 | ADS | Andrew D. Shapiro | 1.00 | 315.00 |
| 12/07/2007 | JAM | James A. Morsch | 0.40 | 168.00 |
| | | | | |
| 12/12/2007 | ADS | Andrew D. Shapiro | 3.80 | 1,197.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | UNBILLED TOTALS:   WORK | 8.90 | 2,898.00 |
| | | UNBILLED TOTALS:   BILL: | 8.90 | 2,898.00 |
| | | | | |
| | | GRAND TOTALS:   WORK: | 8.90 | 2,898.00 |
| | | GRAND TOTALS:   BILL: | 8.90 | 2,898.00 |

# B



**paygovadmin@mail.doc.twai.gov**

12/05/2007 05:42 PM

To ."ashapiro@butlerrubin.com" <ashapiro@butlerrubin.com>

cc

bcc

Subject Pay.Gov Payment Confirmation

THIS IS AN AUTOMATED MESSAGE.    PLEASE DO NOT REPLY.

Your transaction has been successfully completed.

Payment Summary

Application Name: ILND CM ECF
Pay.gov Tracking ID: 24UEVUL6
Payment Agency Tracking ID: 2380063

Cardholder Name: Andrew Shapiro
Cardholder Address: 70 West Madison
Cardholder City: Chicago
Cardholder State: IL
Cardholder Country: USA
Cardholder Zip Code: 60602
Card Type: American Express
Payment Amount: $350.00
Transaction Date: Dec 5, 2007 6:42:57 PM

# C

The Naked Truth Detective Agency
P.O. Box 14077  Tulsa, OK 74159
(918)724-9088
Online at youneedproof.com

December 13, 2007

Butler Rubin Saltarelli & Boyd LLP
Attn:  Andrew D. Shapiro
17 West Madison Street
Suite 1800
Chicago, IL 60602-4257

     Re: *Andrew D. Shapiro v. Gator Development LLC and Matthew J. Callahan*
        *Case No. 07 C 6870*

Dear Mr. Shapiro:

This letter will serve as your invoice for services re: Matthew J. Callahan.  Per our discussion, my Agency charges a sub-rate of $50 per hour, 4 hour minimum, for the stationary surveillance necessary to effect service in this matter.

The total due at this time is $200.00, which includes the surveillance and service of the Summons and Complaint. Please make your check for $200.00 payable to The Naked Truth Detective Agency.

I have enclosed the Court's Return of Service along with my notarized Affidavit outlining the details of service via Callahan's wife, Shellie, at his usual place of residence. This may be of benefit should Callahan attempt to argue against service.

Thank you for allowing me to assist in this matter. Please let me know if I may be of assistance to you for this or other matters in the future.

Sincerely,

Ken Corbin

# D

# Huhn & Associates, Inc.

December 17, 2007

Andrew D. Shapiro
Butler Rubin
70 West Madison Street
Suite 1800
Chicago, IL 60602-4257

Tax Identification Number:  58-1543060

Invoice Number:          07-12718 / 12997

Ref:  Gator Development

Professional services rendered and expenses incurred for the above referenced project:          $164.49

**Total Invoice Amount:**          **$164.49**

Payment is due upon receipt.  Accounts not paid within thirty days of receipt are subject to a 18% annual finance charge.  Please make your check payable to Huhn & Associates, Inc.  Include the invoice number shown above with your payment.  Thank you.

• 1255 Lakes Parkway • Suite 380 • Lawrenceville, GA 30043 •
• (770) 339-2035 • Fax (770) 339-2025 •

Andrew D. Shapiro                                                                          Page    2

## Services

|  | | Hours |
|---|---|---|
| 12/13/2007 CB | Process Service<br>Successfully served Larry Oldham, Registered Agent of Gator<br>Development | 1.25 |
| 12/14/2007 CB | In Office Investigation<br>Completed Return of Service; dictated letter to client | 0.50 |

|  | Hours | Amount |
|---|---|---|
| **Total Services** | **1.75** | **$131.25** |

## Timekeeper Summary

| Name | Hours |
|---|---|
| Chuck Balduff | 1.75 |

## Expenses

| | | |
|---|---|---|
| 12/13/2007 CB | 52 miles | 23.40 |
| **Total Expenses** | | **$23.40** |
| **Project Admin Cost and Support Services** | | **$9.84** |
| **Total Adminstrative Fee** | | **$9.84** |
| **Total Invoice Amount** | | **$164.49** |